UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------------------X
OSCAR HERNANDEZ,
on behalf of himself
and others similarly situated,

            COMPLAINT

       Plaintiff,

            FLSA COLLECTIVE
 -against-           ACTION

132 N GROVE LLC, 315 WEST 8TH
STREET LLC, 610 EAST FRONT LLC,
259 REYNOLDS LLC, 359 NO. MAPLE LLC,
480 HEYWOOD LLC, 641 LINCOLN LLC,
671 LINCOLN LLC, 490 TREMONT LLC,
580 FOREST LLC, 418-30 CENTRAL LLC,
678 SCOTLAND LLC, 539 CENTRAL AVE LLC,
199 GARSIDE LLC, 61 SCHLEY LLC, and THG
PROPERTIES, LLC, and DEAN SERRATELLI ,
individually,

         Defendants.
-----------------------------------------------------------------------------X


   Plaintiff Oscar Hernandez ("Hernandez" or "Plaintiff"), on behalf of himself and all others

similarly situated, by their attorney, Jacob Aronauer, of The Law Offices of Jacob Aronauer

complaining of 132 N Grove LLC, 315 West 8th Street LLC, 610 East Front LLC, 259 Reynolds

LLC, 359 No. Maple LLC, 480 Heywood LLC, 641 Lincoln LLC, 671 Lincoln LLC, 490 Tremont

LLC, 580 Forest LLC, 418-30 Central LLC, 678 Scotland LLC, 539 Central Ave LLC, 199

Garside LLC, 61 Schley LLC, and THG Properties, LLC, (collectively "THG Properties") and

Dean Serratelli, ("Serratelli") individually (collectively referred to herein as "Defendants"),

alleges the following:

## PRELIMINARY STATEMENT

1. This is a civil action brought by Plaintiff on behalf of himself and all similarly situated building superintendents who worked for Defendants to recover overtime compensation and unpaid earned wages owed to them pursuant to the Fair Labor Standards Act ("FLSA"), the New Jersey Wage and Hour Law *N.J.S.A.* 34:11-56(a) *et seq.*, ("NJWHL") and New Jersey Wage Payment Law, *N.J.S.A.* 34:11-4 *et seq.*, ("NJWPL"), respectively.

2. Plaintiff and his similarly situated co-workers worked as building superintendents for THG Properties.

3. On information and belief, Defendant Dean Serratelli owns THG Properties.

4. Plaintiff brings this action on behalf of himself and all similarly situated current and former superintendents who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour and wage notice provisions of the FLSA, NJWHL, and NJWPL that occurred at the buildings owned and controlled by Defendants.

5. Plaintiff and the FLSA collective seek injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay overtime wages, earned wages mandated under New Jersey Law and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA New Jersey Wage Payment Law.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

7. This Court has supplemental jurisdiction over the New Jersey state law claims under the principles of pendent and ancillary jurisdiction.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(c) and 28 U.S.C. § 1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

### Plaintiff Oscar Hernandez

9. Plaintiff Oscar Hernandez is and was at all times relevant hereto an individual residing in Essex County, New Jersey.

10. Hernandez worked as a building superintendent for Defendant THG Properties, LLC in Essex County, New Jersey.

11. Hernandez consistently worked over 40 hours per week but was not paid for any work performed after 40 hours.

12. At all times relevant, Hernandez was a covered employee within the meaning of the FLSA and the NJ labor statutes.

### Defendant Dean Serratelli

13. Upon information and belief, Serratelli owns and maintains control, oversight and the direction of THG Properties.

14. As set forth below, Defendant Serratelli operates each building through its own separate corporate entity.

15. Serratelli is a person engaged in business in Essex County who is sued individually in his capacity as an owner, officer and/or agent of THG Properties.

16. Serratelli exercised sufficient control over THG Properties to be considered Plaintiff's employer under the FLSA, NJWHL, and NJWPL, and at all times material hereto said defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at THG Properties, LLC and all other listed corporate Defendants.

17. Serratelli had substantial control over Plaintiff and similarly situated employees' working conditions and the practices alleged herein.

**Defendant 132 N Grove LLC**

18. Defendant 132 N Grove LLC is a domestic limited liability company with its DOS Process address located at 418 Central Avenue, Newark, NJ 07107.

19. At all times relevant to this action, 132 N Grove LLC was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

20. Defendant 132 N Grove LLC has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

21. Defendant 132 N Grove LLC employed similarly situated employees of the FLSA Collective at all times relevant.

22. At all times relevant to this action, Defendant Dean Serratelli owned 132 N Grove LLC.

**Defendant 315 West 8th Street LLC**

23. Defendant 315 West 8th Street LLC is a domestic limited liability company with its DOS Process address located at P.O. Box 7069, Newark, NJ 07107.

24. At all times relevant to this action, 315 West 8th Street LLC was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

25. Defendant 315 West 8th Street LLC has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

26. Defendant 315 West 8th Street LLC employed similarly situated employees of the FLSA Collective at all times relevant.

27. At all times relevant to this action, Defendant Dean Serratelli owned 315 West 8th Street LLC.

**Defendant 610 East Front LLC**

28. Defendant 610 East Front LLC is a domestic limited liability company with its DOS Process address located at 418 Central Avenue, Newark, NJ 07107.

29. At all times relevant to this action, 610 East Front LLC was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

30. Defendant 610 East Front LLC has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

31. Defendant 610 East Front LLC employed similarly situated employees of the FLSA Collective at all times relevant.

32. At all times relevant to this action, Defendant Dean Serratelli owned 610 East Front LLC.


**Defendant 259 Reynolds LLC**

33. Defendant 259 Reynolds LLC is a domestic limited liability company with its DOS Process address located at 418 Central Avenue, Newark, NJ 07107.

34. At all times relevant to this action, 259 Reynolds LLC was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

35. Defendant 259 Reynolds LLC has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

36. Defendant 259 Reynolds LLC employed similarly situated employees of the FLSA Collective at all times relevant.

37. At all times relevant to this action, Defendant Dean Serratelli owned 259 Reynolds LLC.

**Defendant 359 No. Maple LLC**

38. Defendant 359 No. Maple LLC is a domestic limited liability company with its DOS Process address located at 418 Central Avenue, Newark, NJ 07107.

39. At all times relevant to this action, 359 No. Maple LLC was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

40. Defendant 359 No. Maple LLC has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

41. Defendant 359 No. Maple LLC employed similarly situated employees of the FLSA Collective at all times relevant.

42. At all times relevant to this action, Defendant Dean Serratelli owned 359 No. Maple LLC.

**Defendant 480 Heywood LLC**

43. Defendant 480 Heywood LLC is a domestic limited liability company with its DOS Process address located at 418 Central Avenue, Newark, NJ 07107.

44. At all times relevant to this action, 480 Heywood LLC was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

45. Defendant 480 Heywood LLC has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

46. Defendant 480 Heywood LLC employed similarly situated employees of the FLSA Collective at all times relevant.

47. At all times relevant to this action, Defendant Dean Serratelli owned 480 Heywood LLC.

**Defendant 641 Lincoln LLC**

48. Defendant 641 Lincoln LLC is a domestic limited liability company with its DOS Process address located at P.O. Box 7069, Newark, NJ 07107.

49. At all times relevant to this action, 641 Lincoln LLC was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

50. Defendant 641 Lincoln LLC has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

51. Defendant 641 Lincoln LLC employed similarly situated employees of the FLSA Collective at all times relevant.

52. At all times relevant to this action, Defendant Dean Serratelli owned 641 Lincoln LLC.

**Defendant 671 Lincoln LLC**

53. Defendant 671 Lincoln LLC is a domestic limited liability company with its DOS Process address located at 418 Central Avenue, Newark, NJ 07107.

54. At all times relevant to this action, 671 Lincoln LLC was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

55. Defendant 671 Lincoln LLC has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

56. Defendant 671 Lincoln LLC employed similarly situated employees of the FLSA Collective at all times relevant.

57. At all times relevant to this action, Defendant Dean Serratelli owned 671 Lincoln LLC.

**Defendant 490 Tremont LLC**

58. Defendant 490 Tremont LLC is a domestic limited liability company with its DOS Process address located at P.O. Box 7069, Newark, NJ 07107.

59. At all times relevant to this action, 490 Tremont LLC was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

60. Defendant 490 Tremont LLC has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

61. Defendant 490 Tremont LLC employed similarly situated employees of the FLSA Collective at all times relevant.

62. At all times relevant to this action, Defendant Dean Serratelli owned 490 Tremont LLC.

**Defendant 580 Forest LLC**

63. Defendant 580 Forest LLC is a domestic limited liability company with its DOS Process address located at P.O. Box 7069, Newark, NJ 07107.

64. At all times relevant to this action, 580 Forest LLC was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

65. Defendant 580 Forest LLC has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

66. Defendant 580 Forest LLC employed similarly situated employees of the FLSA Collective at all times relevant.

67. At all times relevant to this action, Defendant Dean Serratelli owned 580 Forest LLC.

**Defendant 418-30 Central LLC**

68. Defendant 418-30 Central LLC is a domestic limited liability company with its DOS Process address located at P.O. Box 7069, Newark, NJ 07107.

69. At all times relevant to this action, 418-30 Central LLC was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

70. Defendant 418-30 Central LLC has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that

have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

71. Defendant 418-30 Central LLC employed similarly situated employees of the FLSA Collective at all times relevant.

72. At all times relevant to this action, Defendant Dean Serratelli owned 418-30 Central LLC.

**Defendant 678 Scotland LLC**

73. Defendant 678 Scotland LLC is a domestic limited liability company with its DOS Process address located at 418 Central Avenue, Newark, NJ 07107.

74. At all times relevant to this action, 678 Scotland LLC was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

75. Defendant 678 Scotland LLC has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

76. Defendant 678 Scotland LLC employed similarly situated employees of the FLSA Collective at all times relevant.

77. At all times relevant to this action, Defendant Dean Serratelli owned 678 Scotland LLC.

**Defendant 539 Central Ave LLC**

78. Defendant 539 Central Ave LLC is a domestic limited liability company with its DOS Process address located at P.O. Box 7069, Newark, NJ 07107.

79. At all times relevant to this action, 539 Central Ave LLC was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

80. Defendant 539 Central Ave LLC has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

81. Defendant 539 Central Ave LLC employed similarly situated employees of the FLSA Collective at all times relevant.

82. At all times relevant to this action, Defendant Dean Serratelli owned 539 Central Ave LLC.

**Defendant 199 Garside LLC**

83. Defendant 199 Garside LLC is a domestic limited liability company with its DOS Process address located at P.O. Box 7069, Newark, NJ 07107.

84. At all times relevant to this action, 199 Garside LLC was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

85. Defendant 199 Garside LLC has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

86. Defendant 199 Garside LLC employed similarly situated employees of the FLSA Collective at all times relevant.

87. At all times relevant to this action, Defendant Dean Serratelli owned 199 Garside LLC.

**Defendant 61 Schley LLC**

88. Defendant 61 Schley LLC is a domestic limited liability company with its DOS Process address located at P.O. Box 7069, Newark, NJ 07107.

89. At all times relevant to this action, 61 Schley LLC was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

90. Defendant 61 Schley LLC has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

91. Defendant 61 Schley LLC employed similarly situated employees of the FLSA Collective at all times relevant.

92. At all times relevant to this action, Defendant Dean Serratelli owned 61 Schley LLC.

**Defendant THG Properties, LLC**

93. Defendant THG Properties, LLC is a domestic limited liability company with its DOS Process address located at P.O. Box 7069, Newark, NJ 07107.

94. At all times relevant to this action, THG Properties, LLC was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

95. Defendant THG Properties, LLC has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

96. Defendant THG Properties, LLC employed Plaintiff and similarly situated employees of the FLSA Collective at all times relevant.

97. At all times relevant to this action, Defendant Dean Serratelli owns THG Properties, LLC.

## FACTS

### Plaintiff Oscar Hernandez's Employment with Defendants

98. Defendants employed Hernandez from on or about February 1, 2019 through August 21, 2020.

99. Hernandez was a superintendent on behalf of Defendants at the building 671 Lincoln Avenue, City of Orange, NJ 07050.

100. Hernandez's duties included performing building repairs, cleaning, picking up and removing garbage, assisting tenants with re-entry, allowing police entry when necessary and shoveling and salting snow and ice.

101. Throughout Hernandez's employment with Defendant, Hernandez consistently worked more than 40 hours each week.

102. Throughout Hernandez's employment with Defendants, even though he was not exempt, he was not paid overtime.

103. Throughout Hernandez's employment, Defendants did not require him to "clock in" or "clock out" using a time tracking device.

104. Throughout Hernandez's employment, when Defendants paid Hernandez, they did not provide him with an accurate notation of the hours he worked.

105. Instead, Hernandez's pay stubs—which did not include the required withholdings— consistently showed that he only worked 8 hours a day 5 days a week.

### Plaintiff Hernandez's Work Schedule, Salary, and Payment at Defendants

106. Hernandez's purported work schedule was supposed to be Monday through Friday from 8:00 a.m. to 5:00 p.m. with a one-hour lunch break.

107. In addition to the previously discussed work schedule, Hernandez had to make repairs whenever something in the building needed to be fixed.

108.   This included Hernandez having to make repairs in the middle of the night and on the weekends.

109.   Hernandez was also required to clean the building he lived in as well as take out the garbage on Tuesdays and Fridays after his "regular" work schedule.

110.   In addition, Hernandez spent 6 hours cleaning the building he lived in on Saturdays.

111.   Hernandez's weekly rate of pay upon hire was $400 per week.

112.   This pay, though, was only for the first 40 hours he worked each week.

113.   After approximately three months of working, Hernandez's weekly rate of pay was raised to $500 per week.

114.   This pay, though, was only for the first 40 hours he worked each week.

115.   On approximately January 1, 2020, Hernandez's weekly rate of pay was raised to $575 a week.

116.   This pay, though, was only for the first 40 hours he worked each week.

117.   No withholdings were taken from Hernandez's salary.

118.   Initially, upon hire, Hernandez was paid in currency (cash).

119.   After approximately 6 months of working on behalf of Defendants, Hernandez was paid by check.

120.   Hernandez complained to his supervisor that he was not paid for overtime work performed.

121.   Despite complaining, though, Defendants still only paid Hernandez for the first 40 hours he worked.

122.   On or about March 5, 2020, Hernandez was informed by Defendants that his work was suspended due to the COVID-19 pandemic, but he was still required to clean his building each week without pay.

123.    During the pandemic Hernandez was also required to clean 3 additional buildings.

124.    Hernandez was not compensated for this labor.

125.    Also during the pandemic, on Tuesdays, Hernandez was required to pick up garbage from

4 buildings, and on Fridays, Hernandez was required to clean all 4 buildings.

## COLLECTIVE ACTION ALLEGATIONS

126.    The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of

himself and other similarly situated persons who are current and former superintendent

employees of Defendants since the date three years prior to the filing of this Complaint who

elect to opt-in to this action (the "FLSA Collective").

127.    On information and belief, the FLSA Collective consists of approximately 20 similarly

situated current and former employees of the Defendants who have been victims of

Defendants' common policy and practices that have violated their rights under the FLSA by,

*inter alia*, willfully denying them overtime wages.

128.    As part of their regular business practice, Defendants have intentionally, willfully and

repeatedly harmed Plaintiffs and the FLSA Collective by engaging in a pattern and/or policy

of violating the FLSA. This policy and/or policy includes, *inter alia*, the following

i.      failing to pay employees the applicable overtime rate for all hours worked
        as required by the FLSA;

ii.     failing to keep accurate records of hours worked by employees as required
        by the FLSA, and therefore failing to provide accurate wage statements as
        required by the FLSA.

129.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of

minimizing labor costs and denying employees compensation.  Defendants' unlawful conduct

has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff

and the FLSA Collective.

130. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. These similarly situated employees are known to Defendants, are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

131. The FLSA and the NJWHL require that employers pay all employees at least one and one-half times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

132. Defendants failed to compensate Plaintiff and members of the FLSA Collective at the appropriate overtime rate for all hours worked over 40. The exact accounting of such discrepancy can only be determined upon completion of discovery.

133. Under NJWPL, employers are required to pay the full amount of wages due to its employees at least twice during the calendar month on regular paydays, designated in advance.

134. By consistently and as a matter of practice and procedure, failing to so pay the full amount of wages, Defendants violated the NJWPL

135. Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with the FLSA and NJWPL; and any anything otherwise required by law.

136. Defendants paid Plaintiff and members of the FLSA Collective wages without any accompanying statement listing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; the regular hourly rate or rates of

pay; the overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in accordance with the FLSA and NJWPL.

## FIRST CAUSE OF ACTION
### FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq*.
### <u>(Brought on Behalf of Plaintiffs and the FLSA Collective)</u>

137.    Plaintiff, on behalf of himself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

138.    Throughout the relevant time period, Plaintiff and the FLSA Collective worked in excess of 40 hours per workweek.

139.    At all relevant times throughout their employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA Collective one and one-half times the regular hourly rate of pay for work in excess of 40 hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff and the FLSA Collective were/are entitled to receive overtime payments.

140.    At all relevant times throughout Plaintiff and the FLSA Collective's employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times their regular hourly rate for hours worked in excess of 40 hours per workweek.

141.    Defendants' decision not to pay overtime was willful.

142.    Plaintiffs and the FLSA Collective seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION
### Unpaid Overtime Wages Under New Jersey Wage and Hour Law
<u>(on Behalf of Plaintiff)</u>

143.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

144.   At all times relevant to this action, Plaintiff was an "employee" and Defendants were "employers" within the meaning of the Wage and Hour Law.

145.   At all times relevant to this action, Defendants were responsible for paying overtime wages to Plaintiff for each hour worked in excess of 40 in a week at a rate of time and one-half his regular rate of pay.

146.   At all times relevant Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff's at one and one-half his regular rate of pay.

147.   Defendants' failure to pay required overtime was willful.

148.   As a result of Defendants' Wage and Hour Law violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages and liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to NJWHL §§ 34:11-56(a) *et seq*.

## THIRD CAUSE OF ACTION
### Violation of the New Jersey Wage Payment Law
<u>(on Behalf of Plaintiff)</u>

149.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

150.   Plaintiff consistently worked more than 40 hours per week, and thus, was entitled to overtime pay.

151.  Overtime pay is part of Plaintiff's "wages" and therefore, in violation of Wage Payment Law *N.J.S.A.* 34:11-4.2, Defendant failed to pay Plaintiff full amount of wages due on regular pay days, as they were required.

152.  Defendant's failure to pay full amount of wages on regular paydays was willful and intentional.

153.  As a result of Defendants' Wage and Hour Law violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages and liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the Wage Payment Law.

### FOURTH CAUSE OF ACTION
### Failure to Pay Earned Wages in Violation of New Jersey Wage Payment Law
### (Brought on Behalf of Plaintiff)

154.  Plaintiff, on behalf of himself, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

155.  At all relevant times, Plaintiff was an "employee" within the meaning of the NJWPL.

156.  At all relevant times, Defendants were "employers" within the meaning of the NJWPL.

157.  Defendants failed to pay Plaintiff his earned wages for the periods of time in the manner set forth above.

158.  Defendant's action in failing to pay Plaintiff his earned wages were willful and not based on any good faith belief and were in violation of the New Jersey Wage Payment Law *N.J.S.A.* 34:11-4.10.

159.  As a result of the foregoing, Plaintiff has been denied wages required under the New Jersey Wage Payment Law and are entitled to an award of unpaid earned wages in an amount to be determined by trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against Defendants 132 N Grove LLC, 315 West 8th Street LLC, 610 East Front LLC, 259 Reynolds LLC, 359 No. Maple LLC, 480 Heywood LLC, 641 Lincoln LLC, 671 Lincoln LLC, 490 Tremont LLC, 580 Forest LLC, 418-30 Central LLC, 678 Scotland LLC, 539 Central Ave LLC, 199 Garside LLC, 61 Schley LLC, and THG Properties, LLC, and Dean Serratelli, jointly and severally, as follows:

(a) Designation of the action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of the action, and permitting them to assert timely FLSA claims and state claims in the action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Damages for unpaid overtime due to Plaintiffs and the FLSA Collective Members in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of the action;

(c) Unpaid overtime pay permitted by law pursuant to the New Jersey Wage Payment Law;

(d) Pre-judgment and post-judgment interest;

(e) Reasonable attorneys' fees and costs of the action;

(f) For such other further and different relief as this Court deems just and proper.

Dated: October 5, 2020
      New York, New York

**THE LAW OFFICES OF JACOB ARONAUER**

By:    _/s/ Jacob Aronauer_
        Jacob Aronauer
        225 Broadway, 3rd Floor
        New York, NY 10007

        _Attorney for Plaintiff_