The Law Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

September 17, 2021

**Via ECF**
Hon. Ken McNulty
Martin Luther King Building & U.S. Courthouse
50 Walnut St #4015
Newark, NJ 07102

Re: 2:20-cv-13932 ((KM) (AME)
    Hernandez v. 132 N Grove LLC, et al.

Dear Judge McNulty:

    This office represents Plaintiff in the above captioned matter and submit this letter motion jointly with Defendants' counsel seeking the Court's approval of the Settlement Agreement ("Agreement") in this action, as per the Third Circuit's decision in *Brumbley v. Camin Cargo Control, Inc.,* 2012 WL 1019337 (D.N.J. Mar. 26, 2012). The agreement provides for a settlement payment of $37,000.00 in two installments. The signed agreement is annexed as Exhibit A.

    For the reasons discussed herein, the parties respectfully seek an Order granting their Motion and approving the Agreement as a fair and adequate resolution of a bona find dispute between the Parties arising under federal and state law.

## Brief History

    This action arises under the Fair Labor Standards Act ("FLSA") and New Jersey Wage and Hour Law ("NJWHL") for unpaid overtime due Plaintiff because of Defendants' alleged violations of these wage-and-hour laws. Defendants denied all of Plaintiff's allegations.

    On May 19, 2021, the parties had a settlement conference Judge Espinosa. While the parties did not settle at this conference, strong progress was made between the parties. On July 30, 2021 the parties reached a settlement in principle.

**Legal Standard**

When "employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Rabbenou v. Dayan Foods, Ltd.*, No. 17-cv1330, 2017 U.S. Dist. LEXIS 122055, *2 (D.N.J. Aug. 3, 2017) (Salas, J.) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Morales v. PepsiCo, Inc.,* No. 11-cv-5275; 2012 U.S. Dist. LEXIS 35284, *1 (D.N.J. Mar. 14 2012)).

District courts in the Third Circuit have held that FLSA claims can be settled in two ways: 1) with the Department of Labor supervising the payment of unpaid minimum wages or overtime compensation pursuant to 29 U.S.C. § 216(c); or (2) with the district court's approval of a settlement under 29. U.S.C. § 216(b)." *Davis v. Essex County,* No. 14-1112, 2015 WL 7761062, at *2 (D.N.J., Dec. 1, 2015) (Cecchi, J.), citing Bredbenner v. Liberty Travel, Inc., Nos. 09- 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 and 09-4587, 2011 WL 1344745 at *18 (D.N.J. Apr. 8 2011) (*citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)) and *Bettger v. Crossmark, Inc.*, No. 13-2030, 2015 WL 279754 at * 3 (M.D. Pa., Jan. 22. 2015); *see also Brumley v. Camin Cargo Contro, Inc.,* Nos. 08-1798, 10-2461 and 09-6128, 2012 WL 1019337, at * 1 (D.N.J., Mar. 26, 2012).

[A]district court "may enter a stipulated judgment if it determines that the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Rabbenou*, 2017 U.S. Dist. LEXIS 122055 at *2; *see also Gabrielyan v. S.O. Rose Apts. LLC,* 2015 U.S. Dist. LEXIS 135615 at *3-4; *see also In re Chickie's & Pete's Wage & Hour Litig.,* No. 12-cv-6520, 2014 U.S. Dist. LEXIS 30366, *2 (E.D. Pa. Mar. 7, 2014); *see also Cuttic v. Crozer-Chester Med. Ctr.*, 868 F. Supp.2d 464, 466 (E.D. Pa. 2012).

A proposed settlement resolves a "bona fide dispute" when it "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," rather than "a mere waiver of statutory rights brought about by an employer's overreaching," *Gabrielyan,* 2015 U.S. Dist. LEXIS 135615 at *3-4 (quoting Lynn's Food, 679 F.2d at 1354). In determining whether a compromise is fair and reasonable, courts in the Third Circuit consider both: 1) whether the compromise is fair and reasonable to the employee, and 2) whether the compromise otherwise frustrates the implementation of the FLSA. Id. at *4; *see also Singleton v. First Student Mgmt. LLC,* No. 13-cv-1744, 2014 U.S. Dist. LEXIS 108247, *8 (D.N.J. Aug. 6, 2014); Chickie's, 2014 U.S. Dist. LEXIS 30366 at *2.

Thus, in determining whether to approve a settlement for FLSA claims, the Court must engage in a three-part analysis. First, the Court must determine that the settlement concerns a bona fide dispute. Second, the Court must determine that the settlement is fair and reasonable to the Plaintiff. Third, the Court must determine that the settlement does not frustrate the purpose of the FLSA. *Gabrielyan*, 2015 U.S. Dist. LEXIS 135615 at *4.

**The Agreement Should be Approved Because it Resolves a Bona Fide
Dispute and it is Fair and Reasonable to All Parties**

First, there is a bona fide dispute between the Parties. The dispute concerns whether the Plaintiff worked sufficient weekly hours entitling her to overtime pay.

Second, the Agreement is fair and reasonable to all Parties. The Agreement provides for settlement payments totaling $37,000.00 paid to Plaintiff. Plaintiff counsel will be reimbursed one third of the settlement proceeds after reimbursement of the $400 filing fee. Defendants have strong defenses to Plaintiff's claims, including that Plaintiff did not work over forty hours and that Plaintiff was not eligible for overtime pay due to the nature of his position. These defenses included, but were not limited to, time records reflecting no overtime worked. The Parties by and through their attorneys and mediation agreed to the settlement amount. Without such settlement, this action would result in extensive discovery and litigation.

Third, the Agreement does not frustrate the purpose of the FLSA. Defendants continue to deny liability. Resolution of these claims through trial would be expensive and difficult for Plaintiff. As stated above, there is a bona fide dispute between the Parties and the compromise reached is fair and reasonable without violation of the FLSA.

Given the risks for both sides in the litigation, the Proposed Agreement awarding Plaintiff a total sum of $37,000.00 is fair and reasonable. The Agreement provides Plaintiff with an immediate recovery, as opposed to a delayed recovery, paper judgment or no judgment. The Agreement is the result of hard-fought, arm's-length bargaining between experienced counsel. The parties' attorneys focus on litigating wage and hour cases, such as this one, and negotiated the settlement over the course of several months. Finally, as evidenced by the arm's-length negotiation, there was no fraud or collusion.

Accordingly, we respectfully request that the Court approve the Agreement and dismiss this case with prejudice. We thank the Court for its time and attention to this matter.

Respectfully,

*/s Jacob Aronauer*
Jacob Aronauer

**Via ECF**
*All parties on record*